## JOHN T. G. GAULT *v.* ANNIE C. COURTNEY.

**Trusts—Conveyance—Title.**

Where a testator devised property in trust for his wife with power in a trustee to convey the land to the wife on her written request, a deed by the trustee and the wife, who was a feme sole, passed title to the property.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 1, 1873.

OPINION BY JUDGE LINDSAY:

R. W. Miller, under the will of John Howard, deceased, held the legal title to the property devised to appellee, in trust for her sole and separate use, with power to pass it to her upon her written request.

By deed executed Dec. 18, 1845, said Miller in compliance with appellee's written request and in the exercise of the discretion vested in him by the testator, did convey the title to appellee and her then husband, Robert G. Courtney. Courtney, by last will and testament, admitted to probate in 1864, devised all interest taken by him under Miller's deed, to appellee.

At the time Miller surrendered the trust, the law authorized feme coverts to sell and convey their separate estates. It is evident that the reason for the appointment of a trustee was that the testator not only desired to protect his daughter against the improvidence of any husband that she might have, but also to prevent her from selling her estate without the approval and concurrence of her trustee. The continuance of this disability was made to depend upon the discretion of the trustee. He removed it shortly after the appellee's marriage, and invested her and her husband with full and complete power of alienation. If it be possible that an estate thus held is embraced by the provisions of Sec. 17, Art. 4, Chap. 47, Rev. Stat., it seems to us that it will defeat the evident intention of the testator to hold that Mrs. Courtney, who is now discovert, cannot pass title to the same with the concurrence and approval of the chosen trustee. He does concur and approves the sale to appellant, as is manifested by his deed of March 28, 1873.

The judgment of the chancellor is affirmed.

*Marshall, for appellant.*

*Bodley, for appellee.*